(87 South. 271)

No. 22842.

HERRING v. FARMERS' CO-OP. ASS'N et al.

(Jan. 31, 1921.)

*(Syllabus by Editorial Staff.)*

Associations ⬤➾20(5)—Finding that directors of association indorsed individually held sustained.

In an action against a co-operative association and the members of its board of directors on a note of the association indorsed by the directors, evidence *held* to sustain a finding that the directors indorsed the note as individuals, and not merely as evidence of authority of the president and secretary of the association to sign and issue it, apart from the presumption created by Negotiable Instrument Law, § 17, par. 6.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Suit by O. W. Herring against the Farmers' Co-operative Association and others. Judgment for plaintiff, and certain defendants appeal. Affirmed.

Purser & Magruder, of Amite, for appellants.

R. C. & S. Reid, of Amite, for appellee.

O'NIELL, J. This suit is on a promissory note signed and issued by the Farmers' Co-operative Association and indorsed by the six members of its board of directors, individually. The note was secured by mortgage on real estate belonging to the association and by a pledge of several promissory notes belonging to the association. The association made no defense to the suit and judgment was rendered against it on the pleadings. One of the indorsers, having left the country, was not sued. The defense of the five other indorsers was that it was understood between them and the holder of the note that they were signing merely as evidence of the authority of the president and secretary of the association to sign and issue the note and mortgage for the association, and with the understanding that they, the indorsers, would not be liable personally. Judgment was rendered against the five indorsers, in solido, and they prosecute this appeal.

The first indorser, S. B. Ellzey, in his testimony in the case, admitted that he wrote the word "individually" after his signature on the back of the note. After the signature of each of the other indorsers there are two dots, thus ", under the word "individually," indicating that each indorser signed in his individual capacity, and not as a director of the association. Three of the indorsers testified that they had not made the mark, ", indicating that they indorsed the note individually. Their testimony was contradicted by that of the plaintiff, and of the notary public before whom the mortgage and the note was signed, and by the testimony of another disinterested witness. Four of the indorsers and three disinterested witnesses also testified that the plaintiff, or the notary public, told the indorsers, at the time they indorsed the note, that their signing was a mere matter of form, to show the authority of the president and secretary to sign and issue the note and mortgage, and that the indorsers would not be liable personally. That testimony is contradicted by that of the plaintiff, of the notary public, and of another disinterested witness; and it is further discredited by the fact that immediately before the note was signed or issued a resolution was adopted by the board of directors, authorizing the president and secretary to sign and issue the note and mortgage. There was therefore no reason why the members of the board of directors should write their names on the back of the note, except in their individual capacity, as indorsers. The sixth paragraph of section 17 of the Negotiable Instrument Law (Act 64 of 1904, p. 151), declares:

"Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser."

Apart from the presumption created by the statute quoted, our opinion is that the judgment appealed from is sustained by the evidence. The district judge was in a better position than we are to judge of the credibility of the witnesses who testified in this case. No argument has been made nor brief filed in behalf of appellants.

The judgment appealed from is affirmed, at the cost of appellants.